**GORLICK, KRAVITZ & LISTHAUS, P.C.**
**Joy K. Mele (JM0207)**
**Jonathan Sobel (JS4815)**
**17 State Street, 4th Floor**
**New York, New York 10004**
**jmele@gkllaw.com**
**jsobel@gkllaw.com**
**Tel. (212) 269-2500**
**Fax (212) 269-2540**
***Attorneys for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL WELFARE FUND; CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL PENSION FUND; CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL ANNUITY FUND; CEMENT AND CONCRETE WORKERS TRAINING AND APPRENTICESHIP FUND; CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL SCHOLARSHIP FUND; MARGARET BOWEN, in her fiduciary capacity as FUND ADMINISTRATOR; and CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL,**

**Plaintiffs,**

**- against -**

**URBAN FOUNDATION/ENGINEERING, LLC,**

**Defendant.**

**COMPLAINT**

Plaintiffs Cement and Concrete Workers District Council Welfare Fund, Cement and Concrete Workers District Council Pension Fund, Cement and Concrete Workers District Council Annuity Fund, Cement and Concrete Workers Training and Apprenticeship Fund, Cement and Concrete Workers District Council Scholarship Fund (collectively, the "Funds"), Margaret Bowen, in her fiduciary capacity as Fund Administrator ("Bowen"), and Cement and Concrete

Workers District Council (the "Union") (collectively "Plaintiffs"), by and through their attorneys, Gorlick, Kravitz & Listhaus, P.C., as and for their Complaint against Defendant Urban Foundation/Engineering, LLC ("Urban Foundation"), respectfully allege as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1. This is a civil action brought pursuant to, *inter alia*, §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended (29 U.S.C. §§ 1132(a)(3) and 1145), and § 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185) (the "Taft-Hartley Act"), by Plaintiffs for breach of contract, injunctive relief, and other legal and equitable relief under ERISA.

2. This Complaint alleges, *inter alia*, that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, Urban Foundation violated one or more contracts between an employer and a labor organization, as defined under the Taft-Hartley Act, the Funds' respective trust agreements, and ERISA.

3. Jurisdiction of this Court is invoked under the following statutes:

a. ERISA § 502(e)(1) and (f) (29 U.S.C. § 1132(e)(1) and (f));

b. Taft-Hartley Act § 301 (29 U.S.C. § 185);

c. 28 U.S.C. § 1331 (federal question);

d. 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

e. 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue properly lies in this district under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and the Taft-Hartley Act § 301 (29 U.S.C. § 185(c)) because the Funds and the Union are administered and maintain their principal offices in this district, the contractual breaches took

place in this district, and Urban Foundation may be found in this district. Service of process may be made on Urban Foundation in any other district in which it may be found pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)).

**PARTIES**

5. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with the Taft-Hartley Act §§ 302(c)(5) and (c)(6) (29 U.S.C. § 186(c)(5) and (c)(6)). The Funds also are employee benefit plans within the meaning of ERISA §§ 3(1), 3(2), 3(3) and 502(d)(1) (29 U.S.C. §§ 1002(1)-(3), and 1132(d)(1)), and multi-employer plans within the meaning of ERISA §§ 3(37) and 515 (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suits as independent legal entities under ERISA § 502(d)(1) (29 U.S.C. § 1132(d)(1)).

6. The Funds provide fringe benefits to eligible employees on whose behalf employers in the construction industry contribute to the Funds pursuant to collective bargaining agreements between such employers and the Union. The Funds are third-party beneficiaries to such collective bargaining agreements as collectors and trustees of employer contributions made pursuant to these collective bargaining agreements. The Funds maintain their offices and are administered at 35-30 Francis Lewis Blvd., Suite 201, Flushing, New York 11358.

7. The Funds also collect, in accordance with the collective bargaining agreements, contributions due to the Cement and Concrete Workers District Council Labor Management Cooperation Trust Fund, the New York State Laborers-Employers Corporation and Education Trust ("NYSLECET"), the Laborers National Health and Safety Fund ("LNHFS"), the Cement League Industry Advancement Program ("CLIAP"), and administrative fees (collectively, the

"Non-ERISA Contributions") (contributions to the Funds and the Non-ERISA Contributions are hereinafter collectively referred to as "fringe benefit contributions").

8. Plaintiff Bowen is the Funds' Administrator and is a fiduciary of the Funds within the meaning of ERISA §§ 3(21) and 502 (29 U.S.C. §§ 1002(21) and 1132). Bowen brings this action in her fiduciary capacity.

9. The Union is a labor organization within the meaning of the Taft-Hartley Act § 301 (29 U.S.C. § 185) and represents employees in an industry affecting commerce as defined by the Taft-Hartley Act § 501 (29 U.S.C. § 142) and ERISA § 3(4) (29 U.S.C. § 1002(4)). The Union is administered at its principal office located at 29-18 35th Avenue, Astoria, New York 11106.

10. The Union collects, in accordance with the collective bargaining agreements, checkoffs from employees who authorize their employers to deduct from their wages dues and contributions to the Organizer Fund, and the New York State Laborers' Political Action Committee ("NYSLPAC") and remit the checkoffs to the Union.

11. Defendant Urban Foundation is a for-profit domestic corporation doing business in the state of New York as an employer within the meaning of ERISA §§ 3(5) and 515 (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301 (29 U.S.C. § 185). Upon information and belief, Urban Foundation's principal office is located at 32-33 111 Street, East Elmhurst, New York 11369.

**BACKGROUND FACTS**

12. At all times relevant to this action, Urban Foundation was bound to an Agreement with the Union which, among other things, required Urban Foundation to: (i) submit to the Funds reports detailing the number of hours that Urban Foundation employees performed work within the trade and geographic jurisdictions of the Union ("Covered Work"); (ii) make fringe benefit

contributions to the Funds based on the number of hours of Covered Work Urban Foundation employees perform; (iii) deduct dues, Organizer Fund and NYSLPAC checkoffs from the wages of employees who performed Covered Work and authorized such deductions in writing; (iv) remit all deducted dues, Organizer Fund and NYSLPAC checkoffs to the Union; (v) permit the Funds and/or their designated representatives to audit Urban Foundation's books and records; and (vi) apply interest and other fees and costs on delinquent fringe benefit contributions and checkoffs.

13. The Funds performed an audit of Urban Foundation's books and records ("Audit") for the period of January 1, 2016 through June 22, 2018 ("Audit Period"). The Audit revealed there were 2,495.5 hours of Covered Work performed by Urban Foundation employees during the Audit Period for which Urban Foundation failed to comply with its obligations under the Agreement to make fringe benefit contributions to the Funds, and deduct and remit checkoffs to the Union.

14. By correspondence, dated December 11, 2018, the Funds demanded full and immediate payment of all unpaid amounts revealed through the Audit.

15. To date, Urban Foundation has not paid the amounts due in the Audit.

16. Upon information and belief, Urban Foundation continued to perform Covered Work after the Audit Period, and continues to perform Covered Work.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (CLAIM FOR BREACH OF CONTRACT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS DURING THE AUDIT PERIOD)

17. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18. Pursuant to the Agreement, Urban Foundation must make fringe benefit contributions to the Funds for each hour of Covered Work performed by Urban Foundation employees as set forth in Article XI and XII of the Agreement.

19. Urban Foundation failed to make contractually mandated fringe benefit contributions for 2,495.5 hours of Covered Work performed by its individual employees during the Audit Period, resulting in a principal fringe benefits contributions delinquency of $64,463.74.

20. Urban Foundation's failure to make and pay required contributions to the Funds during the Audit Period is a breach of the Agreement.

21. Article XI § 11(f) of the Agreement requires employers found delinquent in their payment of contributions to the Funds to pay interest on the unpaid amounts at the rate of eighteen percent (18%) per annum.

22. Article XI § 11(f) requires employers delinquent in their payment of contributions to the Funds to pay liquidated damages of twenty percent (20%) of the amount due and owing.

23. Article XI § 11(f) requires employers delinquent in their payment of contributions to the Funds to pay all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs.

24. Accordingly, Urban Foundation is liable to the Funds for failing to make required fringe benefit contributions for Covered Work performed by Urban Foundation employees during the Audit Period in the principal amount of $64,463.74, plus interest, liquidated damages and all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs, and all other contractual and statutory damages.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**(CLAIM FOR BREACH OF ERISA OBLIGATIONS)**

25. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. ERISA § 515 (29 U.S.C. § 1145) requires employers to make contributions in accordance with the terms and conditions of collective bargaining agreements.

27. Urban Foundation is an employer under ERISA and is bound by the Agreement.

28. During the Audit Period, Urban Foundation failed to make fringe benefit contributions to the plaintiff ERISA Funds as required under the Agreement.

29. Failure to make such payments violates ERISA § 515 (29 U.S.C. § 1145).

30. Once it is found that an employer has violated ERISA § 515 (29 U.S.C. § 1145), the Court is required by ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)) to award the Funds: (i) all unpaid ERISA fringe benefit contributions; (ii) interest on the unpaid contributions; (iii) an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Funds' plan; (iv) reasonable attorneys' fees and costs incurred in prosecuting the action; and (v) such other legal and equitable relief as the Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the Funds' plan, or, if none, the rate prescribed under Section 6621 of Title 26 of the United States Code.

31. Article XI § 11(f) of the Agreement provides for interest on delinquent fringe benefit contributions at a rate of eighteen percent (18%) per annum.

32. Article XI § 11(f) provides for liquidated damages at the rate of twenty percent (20%) of the amount owing.

33. Article XI § 11(f) of the Agreement provides that in the event that formal proceedings to recover unpaid contributions are instituted and the Court renders judgment for the Funds, January 1, 2016 through June 22, 2018 must pay to the Funds: (i) the unpaid contributions; (ii) interest on the unpaid contributions; (iii) liquidated damages; and (iv) the Funds' attorneys' fees and costs.

34. Accordingly, Urban Foundation is liable to the Funds for failing to make required ERISA fringe benefit contributions for 2,495.5 hours of Covered Work performed by Urban

Foundation employees during the Audit Period, plus statutory damages, including interest, liquidated damages, plaintiffs' attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132) and the Agreement.

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**(CLAIM FOR BREACH OF CONTRACT FOR FAILURE TO REMIT DUES, ORGANIZER FUND AND NYSLPAC CHECKOFFS DURING THE AUDIT PERIOD)**

35. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. Article X §§ 1 and 2 of the Agreement requires Urban Foundation to deduct and remit to the Union or to any agency designated by the Union, dues, Organizer Fund and NYSLPAC checkoffs withheld from the wages of employees who perform Covered Work and who authorized such deductions.

37. Urban Foundation failed to deduct and/or remit to the Union or to any agency designated by the Union, the dues, Organizer Fund and NYSLPAC checkoffs.

38. During the Audit Period, Urban Foundation failed to deduct and/or remit $11,039.73 from the wages of its employees who performed Covered Work and who authorized deductions of dues, Organizer Fund and NYSLPAC checkoffs from their wages.

39. Urban Foundation's failure to deduct and/or remit the dues, Organizer Fund and NYSLPAC checkoffs is a breach of the Agreement.

40. Article XI § 11(f) of the Agreement requires employers found delinquent in their payment of dues, Organizer Fund and NYSLPAC checkoffs to pay interest on the unpaid amounts at the rate of eighteen percent (18%) per annum.

41. Article XI § 11(f) requires employers delinquent in their payment of dues,

Organizer Fund and NYSLPAC checkoffs to pay liquidated damages on the unpaid amounts at the rate of twenty percent (20%).

42. Article XI § 11(f) requires employers delinquent in their payment of dues, Organizer Fund and NYSLPAC checkoffs to pay all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees, court costs, and all other contractual damages.

43. Accordingly, Urban Foundation is liable to the Union for undeducted and/or unremitted dues, Organizer Fund and NYSLPAC checkoffs during the Audit Period in the principal amount of $11,039.73, plus interest, liquidated damages, and all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees, court costs, and all other contractual and statutory damages.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
**(BREACH OF CONTRACT CLAIM FOR AUDIT COSTS)**

44. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45. Article XI § 11(f) of the Agreement requires employers delinquent in their payment of contributions and checkoffs to pay all costs, including but not limited to reasonable audit and accounting expenses.

46. Article XI § 11(j) of the Agreement provides that any employer who is found upon an audit to be substantially delinquent may be charged the full cost of such audit.

47. During the Audit Period, Urban Foundation failed to make contractually and statutorily mandated fringe benefit contributions for 2,495.5 hours of Covered Work performed by its individual employees during the Audit Period, resulting in a principal fringe benefit contributions delinquency of $64,463.74.

48. During the Audit Period, Urban Foundation failed to deduct $11,039.73 from the wages of its employees who performed Covered Work and who authorized deductions of dues, Organizer Fund and NYSLPAC checkoffs from their wages and/or remit said checkoffs to the Union.

49. Accordingly, Urban Foundation is liable under the Agreement to pay to the Funds the full cost of the Audit.

**AS AND FOR A FIFTH CLAIM FOR RELIEF**
**(CLAIM FOR BREACH OF CONTRACT FOR FAILING TO POST A BOND)**

50. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 49 of this Complaint, as if fully set forth herein.

51. Pursuant to Article XI § 9(a) of the Agreement, Urban Foundation is required, *inter alia*, to post a surety bond to ensure payment of contributions that become due and owing to the Funds. Article XI § 9(a) provides in relevant part:

> Each Employer shall post a surety bond to insure payment of contributions to the C&CWDC Fringe Benefit Funds as follows:
>
> | ***Number of Members Of Bargaining Unit*** | ***Amount of Bond*** |
> |---|---|
> | Employers employing up to and including fifteen (15) Employees | $50,000.00 |
> | Employers employing over Fifteen (15) Employees | $75,000.00 |
>
> In lieu of a bond or as a supplement to the bond, an Employer may furnish a cash alternative in the amount of the bond required herein in full satisfaction of this bonding required.

52. Upon information and belief, Urban Foundation has not posted a bond or provided the Funds or the Union with a cash alternative.

53. The failure, refusal or neglect of Urban Foundation to post the required bond or

cash alternative is a breach of the Agreement.

54. Accordingly, pursuant to Article XI § 9(a) of the Agreement, Urban Foundation is required to post a bond or furnish a cash alternative in the amount of the bond.

**AS AND FOR A SIXTH CLAIM FOR RELIEF**
**(DEMAND FOR AN ORDER DIRECTING URBAN FOUNDATION TO PERMIT AN AUDIT OF ITS BOOKS AND RECORDS)**

55. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

56. Pursuant to Article XI § 11(a) of the Agreement, Urban Foundation is required, *inter alia*, to permit and cooperate with the Funds and/or their designated representative in the conduct of audits of its books and records, which include, without limitation:

> [A]ll payrolls and payroll ledgers including office payrolls, yard payrolls, New York payrolls, New Jersey payrolls, computer payroll printouts, W-2 forms, quarterly payroll tax returns (Form 941), quarterly state payroll tax returns (Form NYS 45), annual federal and state tax returns, journals, purchase journals, New York State employment records, insurance company reports, employer remittance reports, payroll and supporting checks, ledgers, expense vouchers, 1099 forms, cash disbursements, check register, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, checks in support of any governmental filings or tax payments, remittance reports and checks in support thereof and any other documentation concerning payment of fringe benefit contributions [...] and any other items concerning payrolls.

57. Upon information and belief, Urban Foundation continues to breach the Agreement by failing to pay all required fringe benefit contributions and failing to deduct and/or remit all required checkoffs.

58. Accordingly, pursuant to the terms and conditions of the Agreement, the Funds demand an order directing Urban Foundation to permit and cooperate with the Funds and/or their designated representative in the conduct of an audit of Urban Foundation's books and records for

the period of June 23, 2018 through the present.

**AS AND FOR A SEVENTH CLAIM FOR RELIEF**
**(CLAIM FOR FRINGE BENEFIT CONTRIBUTIONS, DUES, ORGANIZER FUND AND NYSLPAC CHECKOFFS, AUDIT COSTS, AND OTHER DAMAGES FOUND PURSUANT TO AN AUDIT OF URBAN FOUNDATION)**

59. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 58 of this Complaint, as if fully set forth herein.

60. The Agreement requires Urban Foundation to pay fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs found due and owing pursuant to an audit.

61. Pursuant to Article XI § 11(f) of the Agreement, if such audit reveals a deficiency in the payment of fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs paid to the Funds and/or the Union during the period of the audit, Urban Foundation must pay to the Funds and Union all delinquent fringe benefit contributions and checkoffs, plus interest, liquidated damages, and costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs.

62. Accordingly, Urban Foundation is liable to the Funds and the Union for all unpaid fringe benefit contributions and dues, Organizer Fund and NYSLPAC checkoffs found due and owing pursuant to an audit for the period of June 23, 2018 through the present, plus interest, liquidated damages, reasonable audit and accounting expenses, audit costs, witness costs, attorneys' fees and court costs, all other contractual and statutory damages, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132) and the Agreement.

**AS AND FOR AN EIGHTH CLAIM FOR RELIEF**
**(CLAIM FOR INJUNCTIVE RELIEF AGAINST URBAN FOUNDATION)**

63. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1

through 62 of this Complaint, as if fully set forth herein.

64. Pursuant to the Agreement, Urban Foundation is required to timely pay fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs to the Funds and the Union, timely submit all required reports to the Funds and the Union, and permit and cooperate in the conduct of audits of Urban Foundation's books and records for so long as it remains obligated to do so pursuant to the Agreement.

65. Article XI § 11(g) of the Agreement provides:

> Where payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the [...] Funds to have the court enter an order permanently enjoining the Employer and its agents, representatives, directors, officers, stockholders, employees, successors and assigns, for the remaining term of the Agreement from failing, refusing or neglecting to submit the required employer remittance reports and/or to pay the required contributions to the [...] Funds and requiring the Employer to cooperate in an audit in accordance with the provisions of the Agreement. In consideration of the Agreement, the Employer represents and warrants that it will not raise any defense, counterclaim or offset to the [Funds'] application for this order.

66. Urban Foundation has failed to timely pay fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs to the Funds and the Union, and timely submit all required reports to the Funds and the Union, and is currently in breach of its obligations under the Agreement.

67. Upon information and belief, Urban Foundation continues to perform Covered Work under the Agreement.

68. Urban Foundation's prior and current conduct in failing to make the required payments under the Agreement demonstrates a significant likelihood that Urban Foundation will continue to breach the terms of the Agreement.

69. In the absence of injunctive relief, the Funds and the Union have no adequate

remedy at law to ensure that Urban Foundation will adhere to the terms of the Agreement now and in the future.

70. The Funds and the Union will suffer immediate and irreparable injury unless the Court issues an injunction that requires Urban Foundation, now and for as long as it remains bound by the Agreement, and its officers, agents, servants and employees to pay and/or submit to the Funds and/or the Union the required monetary contributions, dues, Organizer Fund and NYSLPAC checkoffs, and permit and cooperate in the conduct of audits.

71. Accordingly, Plaintiffs request that the Court issue an injunction permanently enjoining Urban Foundation, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds and/or the Union the required contributions and checkoffs, and permit and cooperate in the conduct of audits for so long as Urban Foundation remains obligated to do so pursuant to the Agreement.

**AS AND FOR A NINTH CLAIM FOR RELIEF**
**(CLAIM FOR INJUNCTIVE RELIEF UNDER ERISA)**

72. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 71 of this Complaint, as if fully set forth herein.

73. Pursuant to the Agreement, Urban Foundation is required to timely pay fringe benefit contributions to the Funds, timely submit all required reports to the Funds, and permit and cooperate in the conduct of audits of Urban Foundation's books and records for so long as it remains obligated to do so pursuant to the Agreement.

74. Article XI § 11(g) of the Agreement provides:

Where payment is made or an audit is conducted pursuant to a judgment or

> court order, the Employer recognizes the right of the […] Funds to have the court enter an order permanently enjoining the Employer and its agents, representatives, directors, officers, stockholders, employees, successors and assigns, for the remaining term of the Agreement from failing, refusing or neglecting to submit the required employer remittance reports and/or to pay the required contributions to the […] Funds and requiring the Employer to cooperate in an audit in accordance with the provisions of the Agreement. In consideration of the Agreement, the Employer represents and warrants that it will not raise any defense, counterclaim or offset to the [Funds'] application for this order.

75. Urban Foundation has failed to timely pay fringe benefit contributions to the Funds, and timely submit all required reports to the Funds, and is currently in breach of its obligations under the Agreement.

76. Urban Foundation's breach of its obligation to make fringe benefit contributions under the Agreement is also a breach of Urban Foundation's statutory obligations under ERISA.

77. Upon information and belief, Urban Foundation continues to perform Covered Work under the Agreement and breach its obligations to make fringe benefit contributions under the Agreement and thus, its statutory obligations under ERISA.

78. Urban Foundation's prior and current conduct in failing to make the required contributions under the Agreement, in violation of its ERISA obligations, demonstrates a significant likelihood that Urban Foundation will continue to violate ERISA in the future.

79. In the absence of injunctive relief, the Funds have no adequate remedy at law to ensure that Urban Foundation will adhere to the terms of the Agreement and abide by its statutory obligations now and in the future.

80. The Funds will suffer immediate and irreparable injury unless the Court issues an injunction that requires Urban Foundation, now and for as long as it remains bound by the Agreement, and its officers, agents, servants and employees to pay and/or submit to the Funds the required monetary contributions and checkoffs, and permit and cooperate in the conduct of audits

for as long as it remains obligated to do so under ERISA.

81. Accordingly, Plaintiffs request that the Court issue an injunction permanently enjoining Urban Foundation, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required contributions and checkoffs, and permit and cooperate in the conduct of audits for so long as Urban Foundation remains obligated to do so under ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Urban Foundation:

a) for payment of delinquent fringe benefit contributions in the principal amount of $64,463.74 for the time period of January 1, 2016 through June 22, 2018;

b) for payment of all required dues, Organizer Fund and NYSLPAC checkoffs in the amount of $11,039.73 for the time period of January 1, 2016 through June 22, 2018;

c) for interest on the delinquent fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs from the time such contributions and checkoffs were due to the date of payment at the rate of eighteen (18%) per annum;

d) for liquidated damages on the delinquent fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs at the rate of twenty percent (20%);

e) for all ERISA damages pursuant to 29 U.S.C. § 1132(g);

f) for all reasonable audit and accounting expenses;

g) for all audit costs;

h) for all witness costs;

i) for Plaintiffs' attorneys' fees and court costs;

j) for an Order requiring Urban Foundation to post a bond or provide a cash alternative;

k) for an Order requiring Urban Foundation to cooperate with the Funds in an audit of its books and records for the time period of June 23, 2018 through the present;

l) for an Order requiring payment of all fringe benefit contributions, dues, Organizer Fund and NYSLPAC checkoffs, and all contractual and statutory damages found due and owing pursuant to an audit for the period of June 23, 2018 through the present;

m) for an Order permanently enjoining Urban Foundation, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise, for so long as they remain obligated to contribute to the Funds and the Union, from failing, refusing or neglecting to pay and/or submit to the Funds and the Union the required monetary contributions, and dues, Organizer Fund and NYSLPAC checkoffs, and permit and cooperate in the conduct of audits for so long as Urban Foundation remains obligated to do so pursuant to the Agreement;

n) for an Order permanently enjoining Urban Foundation, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required monetary contributions, and permit and cooperate in the conduct of audits for so long as Urban Foundation remains obligated to do so pursuant to ERISA; and

o) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 15, 2019

GORLICK, KRAVITZ & LISTHAUS, P.C.
*Attorneys for Plaintiffs*

By: ______________________

Joy K. Mele (JM0207)
Jonathan Sobel (JS4815)
17 State Street, 4th Floor
New York, New York 10004
jmele@gkllaw.com
jsobel@gkllaw.com
Tel. (212) 269-2500
Fax. (212) 269-2540